**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LUIS ALBERTO ROMERO GARCES,**<br><br>*Petitioner*,<br>**v.**<br><br>**PAMELA BONDI,** Attorney General; **KRISTI NOEM,** Secretary, U.S. Department of Homeland Security; **TODD M. LYONS,** Acting Director, Immigration and Customs Enforcement; **MARISA FLORES,** Director, El Paso Field Office, Immigration and Customs Enforcement; **CURTIS TAYLOR,** Major General, U.S. Army at Camp Bliss,<br><br>*Respondents*. | § § § § § § § § § § § § § § § § | **EP-26-CV-00177-DCG** |

**ORDER TO SHOW CAUSE**

Petitioner Luis Alberto Romero Garces ("Petitioner") challenges his detention pursuant to 28 U.S.C. § 2241.[1] The issues raised in his Petition require an answer from Respondents. The Court therefore **ORDERS** Respondents to show cause why the Court should not grant a writ of habeas corpus.

---

[1] *See generally* Pet., ECF No. 1.

## I. Background

For the purposes of this Order only, the Court presumes the following facts are true. Petitioner is a native and citizen of Ecuador and a resident of Fridley, Minnesota.[2] He has lived in the United States since January 2024, and he has a pending asylum application and an approved Employment Authorization Document.[3] United States Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner in Minnesota.[4] Petitioner is now detained at Camp East Montana in El Paso, Texas.[5]

On January 27, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus (ECF No. 1).[6] He argues that his continuing detention violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA").[7] He asks the Court to order his immediate release or a bond hearing within seven days.[8] He additionally requests that the Court assume jurisdiction and prevent his removal outside of the Western District of Texas.[9]

---

[2] *See id.* at 3, 4.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

[3] *Id.* at 4.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 12.

[7] *Id.* at 7–9.

[8] *Id.* at 12.

[9] *Id.*

## II. Discussion

### A. Habeas Corpus Petition

Under 28 U.S.C. § 2241, a detainee may challenge his confinement as unlawful by filing a habeas corpus petition.[10] The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") specify what the Court must do after receiving such a petition. Although the Habeas Rules govern petitions filed under 28 U.S.C. § 2254, they also apply to petitions filed pursuant to § 2241.[11]

Habeas Rule 4 directs that the Court "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief."[12] If dismissal is not appropriate, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted."[13] Should the petition survive prescreening, "the judge *must* order the respondent[s] to file an answer, motion, or other

---

[10] *See* 28 U.S.C. § 2241(c) (requiring petitioner to show that he is "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

[11] *See* Rules Governing Section 2254 Cases ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well").

[12] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

[13] 28 U.S.C. § 2243.

response within a fixed time, or to take other action the judge may order."[14] 28 U.S.C. § 2243 requires that the response "be returned within three days" or "not exceeding twenty days."[15] However, courts have "discretionary authority" to alter the "strict time limits prescribed by § 2243."[16]

Having preliminarily examined the foregoing petition, the Court concludes that (1) summary dismissal is not appropriate, and (2) an extension of the default response time is not warranted. The Court will therefore order Respondents to show cause within three days why the Court should not grant the Petition. If necessary, the Court will order a hearing or additional briefing after reviewing the parties' filings.

### B. Prevention of Transfer Outside of the Western District of Texas

Petitioner separately asks the Court to prevent "Respondents from moving Petitioner outside of the jurisdiction of the Western District of Texas."[17] Many courts, including those in this Division, have granted this type of relief pursuant to their "inherent authority to preserve and assess [their] own jurisdiction, *not* as a TRO."[18] This authority is particularly relevant in the

---

[14] Habeas Rule 4; *see also* 28 U.S.C. § 2243 (requiring the district court to issue the order "forthwith"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that a district court acted "forthwith" by issuing a show cause order "just twenty-one days after [the] petition was filed").

[15] 28 U.S.C. § 2243.

[16] *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-CV-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases) (reasoning that because Congress approved the Habeas Rules in 1976 and enacted § 2243 in 1948, the former governs the district court's authority to set response deadlines).

[17] Pet. at 12.

[18] *See, e.g.*, Order, *Quizhpi Caguana v. Noem*, No. 3:25-CV-534-KC (W.D. Tex. Nov. 12, 2025), ECF No. 3 (citing *Sepulveda Ayala v. Noem*, No. 25-CV-5185, 2025 WL 1207655, at *4 (W.D. Wash. Apr. 26, 2025)).

*See also United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant

immigration habeas context, where petitioners seeking relief from detention may be transferred or removed before their cases are fully considered.[19]

Accordingly, Respondents may not transfer Petitioner out of the El Paso Division of the Western District of Texas during the pendency of this case or until the Court orders otherwise. This relief is granted *not* as a TRO or protective order, but rather to preserve the Court's jurisdiction and ability to assess the case on its merits.[20]

---

injunctive relief."); *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978) ("[T]he ["inherent powers"] doctrine is rooted in the notion that a federal court, sitting in equity, possesses all of the common law equity tools of a Chancery Court (subject, of course, to congressional limitation) to process litigation to a just and equitable conclusion."); *Santiago v. Noem*, No. 3:25-CV-361-KC, 2025 WL 2606118, at *2 (W.D. Tex. Sept. 9, 2025) ("The Court finds persuasive the decisions enjoining removal and transfer of petitioners under the Court's inherent power to preserve its ability to hear the case.").

[19] *See, e.g.*, Order, *Pablo Pablo v. Lyons*, No. 3:25-CV-566-DCG (W.D. Tex. Dec. 5, 2025) ("By the time the Court ordered Respondents not to remove [the petitioner], he had arrived in Guatemala City."); Order, *Blandon Raudez v. Bondi*, No. 3:25-CV-493-DB (W.D. Tex. Oct. 30, 2025), ECF No. 11 (admonishing United States Immigration and Customs Enforcement ("ICE") for removing habeas petitioner from El Paso to Mexico "after the Court unequivocally ordered the parties not to do so, and before he could be heard in this Court of law.").

[20] The All Writs Act vests federal courts with the authority to preserve and exercise their limited jurisdiction. *See* 28 U.S.C. § 1651 [hereinafter "All Writs Act"]; *ITT Cmty. Dev. Corp.*, 569 F.2d at 1359 ("The All Writs Act may be said to provide a federal court with those writs necessary to the preservation or exercise of its subject matter jurisdiction. The Act is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess the tools necessary to implement their jurisdictional grants.").

The Fifth Circuit recently issued an unreported (and therefore non-precedential) opinion holding that 8 U.S.C. § 1252(g) prevents district courts from staying a habeas petitioner's removal "to preserve the status quo." *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026). This is because "[a] request for a stay of removal is a *challenge to a removal order*," which § 1252(g) prevents district courts from hearing. *Id.* (emphasis added). Unlike in *Imran*, however, it does not appear that the Government has issued a removal order against Petitioner. *See generally* Pet. Because *Imran* is both non-precedential and distinguishable from this case, the Court is not persuaded that it should apply here. *See, e.g.*, *United States v. Torres-Jaime*, 821 F.3d 577, 582 (5th Cir. 2016) ("Unpublished opinions, although not precedential, may be considered persuasive authority.").

## III. Conclusion

For the foregoing reasons, the Court **ORDERS** Respondents to file a response to the "Petition for Writ of Habeas Corpus" (ECF No. 1) by no later than **February 5, 2026**. This response must identify each factual allegation contained in the Petition that Respondents dispute. Petitioner may file a reply within **three days** after Respondents serve their response.[21] If necessary, the Court will order a hearing or additional briefing upon review of the pleadings.

The Court further **ORDERS** that Respondents **SHALL NOT** transfer Petitioner to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

The District Clerk shall **SERVE** copies of the "Petition for Writ of Habeas Corpus" (ECF No. 1) and this Order upon Respondents **and** the United States Attorney in El Paso, Texas.[22]

**So ORDERED and SIGNED this 2nd day of February 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[21] *See generally* FED. R. CIV. P. 6(a) (providing methods for computing time).

[22] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").